CaRUThees, J.,
delivered the opinion of the Court.
This case turns upon the construction of a deed of gift made by Simpson Shaw to hi» children, in 1842.
The complainant, is a judgment creditor of Samuel C., who is a son of Sally Simmons, one of the daughters of Simpson Shaw. This bill is filed to reach a supposed interest of said Samuel C., under said deed of gift; and the question is, whether, by a proper construction of it, he has any interest which can be subjected to his debts by his creditors.? The Chancellor thought *547 not, and tbe case is brought up by complainant to reverse his decree.
The property, consisting of land, a number of slaves, and other personal property, is conveyed by the deed to Solomon Shaw and John M. Frierson, as trustees, to pay all his debts; a portion of it for his wife for life, and at her death to be sold, and the proceeds, together with the balance of the property in presentí, to" be divided “in equal shares between Elizabeth Frierson, Solomon H. Shaw, Sally Simmons, Clara Brown, and Caty Grady’s children; that portion that may belong to Sally Simmons, and the children of Emily Shaw and Caty Grady, (the two last being dead, leaving children,) to be held by said trustees in trust, for the only proper use, benefit, and behoof of the said Sally Simmons and her children, and the said children of Caty Grady and Emily Shaw, not to be subject to the control or debts of any other person, either their husbands or otherwise, the same being intended to be held in trust by said trustees for the use and benefit of the said last-named children of the said Simpson Shaw, and their heirs.”
In the first clause the gift of the use is to his daughter, Sally Simmons, and in the last it is to her and her heirs. Both these clauses give to her the sole and entire right. But in the same section, where he aims to protect the property from the husband, and settle it to her separate use, he employs the words, “to the use and benefit 'of the said Sally Simmons and her children.”
Upon this clause the argument is based that the three children she then had, of whom the said Samuel O.* complainant’s debtor, is the oldest, were vested with an, *548 ■equal interest with the mother, as joint owners. We think this construction, though plausible, cannot be maintained. Taking the whole instrument together, and in view of the considerations by which it was prompted, we entertain no doubt but that the intention was to give ■the entire estate to the daughter, to her separate use, by which she would be enabled to support herself and ■children, as a family. If that were not so, but a joint interest was vested in the children, the object intended ■■could be defeated by any creditor of the children, as is now attempted. If he intended to give the property to the latter, would he not have protected it in them, as ihe did that of their mother, against creditors? Surely -"the same reason existed for doing so. Another absurd ■consequence, subversive of the apparent intention, would result from that construction. If any interest passed •to the children, it must be a present one, and, as .■such, might be demanded by a guardian, or by any -child on coming of age or marrying, with an account ^perhaps, and thus defeat the prominent object of keeping «11 together for the support of the family, as a unit.
Again: why are not the children coupled with the -mother in the first and last* clauses, where the .estate is ^measured and given, if they were intended to -have any -title to the donation? The true intention, and palpable construction is, that the property was given to the ■■daughter alone, protected from the control of her husband, and all others, to enable her to support herself and children, as members of her family. This advantage the children would perhaps have a right, under the ■deed, to enforce, if withheld, so long as they might «constitute a part of the family.
*549 The children, then, have no rights by virtue of the deed, which can be reached by their creditors, and the bill was properly dismissed.
The decree will be affirmed.